IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ASHLEY L. RHODENIZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:09cv306 |
| ) | |
| CITY OF RICHMOND, ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant City of Richmond Police Department's Partial Motion to Dismiss Count I. (Docket No. 3.) The relevant issues have been briefed. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process. For the reasons set forth herein, Defendant's Partial Motion to Dismiss will be DENIED.

### I. Factual Background

Ashley L. Rhodenizer ("Plaintiff") filed this action in April 2009, alleging that Defendant City of Richmond Police Department ("Defendant") violated her civil rights as proscribed in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. (Compl. ¶ 1.)[1] Specifically, Plaintiff alleges that as a

---

[1] All references to the Complaint refer to Plaintiff's Complaint, filed April 20, 2009. (Docket No. 1).

result of Defendant's unlawful conduct, she was subject to a hostile work environment (Count I) and suffered retaliation for her opposition to such unlawful practices (Count II). (Compl. ¶ 1.)

Plaintiff was hired by the City of Richmond Police Department as a police recruit in November 2004, and she began duty as a police officer in July 2005 after completing the Police Academy training session. (Compl. ¶¶ 7-8.) Plaintiff alleges that throughout her employment, she was subjected to adverse terms and conditions of employment because of her gender. (Compl. ¶¶ 10-11.) Such adverse terms and conditions included denied sick leave, denied overtime assignments and pay, false accusations of improper conduct, and "write-ups" and other formal disciplinary actions. (Compl. ¶ 12.) Plaintiff alleges specific examples of adverse terms and conditions, such as false accusations of inappropriate relationships with supervisors and co-workers, different uniform standards for Plaintiff, and adverse and false reports on her behavior during shifts. (Compl. ¶¶ 13-15.)

In December 2007, Plaintiff filed a charge of discrimination against the Police Department with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII. (Compl. ¶ 17.) Upon receiving Notice of Right to Sue in April 2009, Plaintiff filed this action, and Defendant subsequently removed the action to this Court pursuant to 28 U.S.C. §§ 1441, 1443, and 1446. (Compl. ¶¶ 18-20; Def.'s Notice of Removal.) Defendant contends in the present Partial Motion to Dismiss Count I that Plaintiff has failed to state sufficient facts to allege a hostile work environment. (Def.'s Brief in Support of Partial Mot. to Dismiss "Def.'s Mem." at 1.)

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a

"claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### III. Analysis

Defendant contends that Plaintiff has failed to allege sufficient facts to show a claim under Title VII of hostile work environment based on sexual harassment. (Def.'s Mem. at 2.) To establish a claim against the City of Richmond Police Department, Plaintiff must show the harassing conduct: "(1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." Ziskie v. Mineta, 547 F.3d 220, 224 (4th Cir. 2008) (citing Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (citing Spicer v. Virginia Department of Corrections, 66 F.3d 705, 710 (4th Cir. 1995) (en banc))). Defendant does not contest that Plaintiff's Complaint satisfies the first three elements, but that Plaintiff's Complaint does not plead sufficient facts to establish the fourth claim of imputation to Defendant. (Def.'s Mem. at 3.)

The Supreme Court has established that "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." Faragher v. Boca Raton, 524 U.S. 775, 807 (1998). When no tangible employment action is taken, this form of employer liability is subject to an affirmative defense comprised of two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and

4

(b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Id.  When the harasser is a co-worker, not the plaintiff's supervisor, the Fourth Circuit has held that "[a]n employer is liable for harassment by the victim's coworker only 'if it knew or should have known about the harassment and failed to take effective action to stop it.'"  EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 319 (4th Cir. 2008) (quoting Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006) (quoting Ocheltree, 335 F.3d at 334.))

Given that a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff, the Court finds that Plaintiff's Complaint provides sufficient facts to establish a claim against Defendant, including that the alleged harassing conduct was imputable to Defendant.  Mylan Labs, 7 F.3d at 1134.  While the Complaint does not explicitly name supervisors as opposed to co-workers, it can be inferred that it was Plaintiff's supervisor who denied her sick leave, denied her overtime assignments and pay, instructed male partners who worked with her to report on her behavior during shifts, and disciplined male co-workers who objected to her treatment, as a co-worker would not have such authority.  Therefore, under Faragher, Defendant's vicarious liability is essentially subsumed in the allegations, given that the harassing conduct was allegedly perpetrated by a supervisor.  Furthermore, Defendant cannot deny that tangible employment actions occurred, such as denied sick leave, overtime assignments, and overtime pay.

## IV. CONCLUSION

Because the harassing conduct alleged in Plaintiff's Complaint was effectuated by a supervisor, vicarious liability is imputable to Defendant, and, accordingly, the Defendant's Partial Motion to Dismiss (Docket No. 3) must be DENIED.

An appropriate order shall issue.

           /s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: June 24, 2009